W. T. SEAMAN, Executor, v. THE ANCHOR FIRE INSURANCE COMPANY, Appellant.

**Insurance:** FORFEITURE: SALE OF PROPERTY. Where one to whom property is willed in trust, with a life estate to the trustee, contracts to sell simply the trust estate, without authority so to do either in the will or by the court, no sale is thereby effected which will defeat a recovery of insurance upon the property.

**Change of possession:** BURDEN OF PROOF. An instruction in an action upon an insurance policy that the burden is upon plaintiff to show that a change of occupancy, if any, did not cause or contribute to the fire, and that defendant has the burden of showing that such change, if any, increased the hazard, is in accordance with the statute relating to failure to observe a policy provision against a change of occupancy.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

THURSDAY, DECEMBER 15, 1910.

SUIT on a fire insurance policy. Trial to jury, and

verdict and judgment for the plaintiff. The defendant appeals.—*Affirmed.*

*Flickinger Bros.,* for appellant.

*J. J. Steward,* for appellee.

SHERWIN, J.—The plaintiff is the executor of the estate of his deceased wife, Sarah M. Seaman, who was the owner of a building and personal property which the defendant insured against loss by fire. The house was insured for $500 and the personal property for a like amount, and there was a total loss. The defendant alleged that the plaintiff had sold the property before the fire, and falsely represented in his proofs of loss that he had not done so; that there had been a change in possession which increased the hazard and risk; and that other insurance had been placed on some of the property. If any of the defenses pleaded had been sustained, there could be no recovery.

Mrs. Seaman left a will, by the terms of which all of her property, both real and personal, went to her husband, the plaintiff herein, in trust for their son, William

1. INSURANCE: forfeiture: sale of property.

T. Seaman, Jr., but giving the plaintiff a life estate therein. There is no question but what the plaintiff remained in the possession and occupancy of the property until a short time after the 20th of March, 1908. On that date, however, he entered into a written agreement, as trustee of the estate of Sarah M. Seaman, to convey the real estate and to sell the personal property to H. F. Pierce and wife. Pursuant to that agreement, Pierce and his wife soon thereafter moved into the house with the plaintiff, and were living there when the loss by fire occurred. About a month before the fire the parties entered into a further written agreement, which was indorsed on the original contract, to the

effect that Pierce and his wife were not to have possession of any of the property covered by the original agreement until the consideration was paid according to agreement. The will gave the plaintiff no power or authority to sell or dispose of any of the property that had been devised and bequeathed to him in trust for his son. At the time the alleged contract of sale was made, the will had not even been probated, and there is no pretense that Seaman had received authority from the court to make a sale of the trust property. The trial court instructed that there was no sale of the real estate, and was clearly right in so doing. The appellant contends, however, that the plaintiff's contract as trustee conveyed his life estate. That the life estate might have been conveyed will be conceded; but the two estates were distinct, and Seaman did not agree to sell and convey anything more than the trust estate. The questions of possession and occupancy were submitted to the jury, and its finding was against the contention of the appellant.

The court instructed that the burden was on the plaintiff to show that a change of occupancy, if any there was, did not cause the fire or contribute thereto, and that the burden was on the defendant to show that such change, if any, increased the risk. The instruction was in accord with section 1743 of the Code. The cases cited by the appellant do not hold otherwise. In instruction 12 the court properly told the jury that if there was no sale of any part of the personal property, other than as such sale was dependent on a consummated sale of the real estate, there was no false representation in the proofs of loss. The contract was of no force or effect, and any purported sale of personal property resting on that contract alone was not a sale. Moreover, the jury found specially that no sale of any of the personal property was made, and, fur-

2. SAME:
change of
possession:
burden of
proof.

ther, that there was no change in the possession or occupancy of the premises.

Criticism is made of two or three rulings on the introduction of testimony; but they relate to unimportant matters, and need not be discussed. There is no merit in the appeal, and the judgment must be, and it is, *affirmed.*